IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOSEPH ANGELO DICESARE,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 21-CIV-231-RAW |
| | ) |
| **GARY MAKINSON, et al.,** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This case is in an unusual posture, which the court by this order will seek to render less unusual. Plaintiff, proceeding *pro se*, filed his original complaint on August 9, 2021. As to defendant Makinson, (Okmulgee Deputy Sheriff), plaintiff alleged that after plaintiff's arrest, plaintiff was being transported to the Okmulgee jail. He alleges Makinson slammed on the brakes, causing plaintiff to strike his head against the cage in the patrol vehicle. He also alleged that Makinson "pulled a Houdini" on plaintiff's wallet and when the wallet was returned, the cash it previously contained was missing.

As to defendant Lawson (an Okmulgee County Deputy), plaintiff alleged that Lawson improperly served a writ of assistance and allowed plaintiff's ex-girlfriend to remove plaintiff's property from his home. The record does not reflect that Lawson has yet been served in this action.

As to defendant Oklahoma Department of Human Services, plaintiff alleged that his rights under the United States Constitution had been violated during the course of a criminal arrest and a child welfare investigation.

Defendants Makinson and Oklahoma Department of Human Services (both of whom had been served) filed motions to dismiss. The court advised plaintiff (##23 & 24) that he could file an amended complaint in response to the pending motions. Plaintiff filed a document titled "amendment to complaint" (#25), and the court (#28) found the motions to dismiss moot on that basis. The same defendants then filed renewed motions to dismiss. Plaintiff presented two additional pleadings, which the court ordered (#41) to be filed as motions to amend the complaint (##42 & 43). Defendant Makinson has responded in opposition (#49).

One argument in Makinson's motion to dismiss is that plaintiff has left his original complaint behind. Movant argues that because plaintiff did not expressly incorporate the allegations made in his original complaint, they are no longer before the court. The argument is based on the principle that an amended complaint ordinarily supersedes the original and renders it of no legal effect. *Davis v. TXO Prod. Corp.,* 929 F.2d 1515, 1517 (10th Cir.1991). This court also cited this decision (##23 & 24) but has now reconsidered.

The document filed by plaintiff (#25) is entitled "amendment <u>to</u> complaint" (emphasis added) and is clearly intended by plaintiff to <u>supplement</u> what he has already filed, not as a full-fledged amended complaint on its own. Movant cites *Fullerton v. Maynard,* 943 F.2d

57 (10th Cir.1991)(unpublished), upholding a dismissal of an amended complaint that did not incorporate allegations of the original pursuant to Rule 10(c) F.R.Cv.P., stating that while a *pro se* plaintiff is entitled to have his pleadings construed liberally, he nevertheless is subject to the same rules of procedure that govern other litigants. *Id.* at *2.

The Tenth Circuit, however, has also stated that "Rule 15(a)'s purpose is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than procedural niceties." *Warnick v. Cooley,* 895 F.3d 746, 754 (10th Cir.2018). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *U.S. ex rel. Precision Co. v. Koch Indus., Inc.,* 31 F.3d 1015, 1018 (10th Cir.1994). The court (in the present circumstances) declines to hold the *pro se* plaintiff to an exacting standard.

In the interim, plaintiff has presented two additional pleadings, which the court ordered (#41) to be filed as motions to amend the complaint (##42 & 43). Defendant Makinson has responded in opposition (#49). In one (#42), plaintiff seeks to add additional claims against additional parties. First, a claim against Okmulgee Sheriff Eddie Rice for violation of plaintiff's First Amendment rights. Second, a claim against John Newport and "Three (3) unknown County Commissioners." Plaintiff suggests that confusing or possibly incorrect financial book-keeping in the Okmulgee County Clerk's Office led to a warrant being issued for plaintiff's arrest.

3

Makinson's response (#49) is largely that the motion should be denied because plaintiff fails to state a claim against any of the new defendants sought to be added. Makinson, however, is not mentioned in the new claims. The general rule is that present parties who are unaffected by the proposed amendment lack standing to assert claims of futility on behalf of the proposed new defendant. *See Cooper v. Colo. Dept. Of Corr.,* 2022 WL 2063229, *8 (D.Colo.2022). Arguably, standing could be asserted based on delay or expense, but the court declines to so find.

Plaintiff also (#43) seeks a "cease and desist" order against all defendants to prevent plaintiff's civil rights from being further violated. Plaintiff also makes reference to the "Federal Whistle Blowers Act" and the Americans with Disabilities Act.

The court regrets it did not keep a tighter rein on the case, but multiple attempts to amend are unusual. Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." On the other hand, plaintiff will not be allowed to amend his complaint *seriatim*. Under the circumstances, for clarity of the record, plaintiff shall file a <u>second</u> amended complaint, which shall supersede all previous complaints and/or amendments. This document should contain all defendants plaintiff wishes to name and all claims plaintiff seeks to assert. Absent extraordinary circumstances, leave to further amend will not be granted. Served defendants may direct motions to dismiss at the second amended complaint in the normal course. To reduce expense they may, if they choose, simply file a renewed motion to dismiss which incorporates the arguments already made.

It is the order of the court that plaintiff's motions to amend (##42 & 43) are granted. Plaintiff shall file a second amended complaint as described above on or before August 19, 2022.

Plaintiff's motion for default judgment (#26), to strike (#33), and for temporary restraining order (#48) are denied. Plaintiff's motion to extend deadline (#47) is deemed moot. Defendants' motions to dismiss (##30 & 31) are denied without prejudice to renewal upon the filing of the second amended complaint.

**ORDERED THIS 3rd DAY OF AUGUST, 2022.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma