IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Joseph Angelo DiCesare, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-21-231-RAW |
| ) | |
| Gary Makinson, Okmulgee Deputy Sheriff, ) | |
| Joshua Whitney, Okmulgee Deputy Sheriff, ) | |
| FNU Lawson, Okmulgee Deputy Sheriff, ) | |
| Cindy Stephens, ) | |
| Kristi D. Boydston, and ) | |
| Department of Human Services, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MAKINSON'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Gary Makinson, Okmulgee Deputy Sheriff ("Defendant Makinson"), "), by and through counsel of record, submits this Response to Plaintiff's "Motion to Compel Discovery w/ Sanctions Imposed" (Doc. 72), and respectfully requests that this Court deny Plaintiff's Motion. In support of this objection, Defendant Makinson states the following:

**BRIEF IN SUPPORT**

**STATEMENT OF THE CASE**

Plaintiff filed his original Complaint (Doc. 2) in this action on August 9, 2021. Sheriff Eddie Rice accepted service for Defendant Makinson on November 19, 2021, and a return of service was filed with the court on November 19, 2021. (Doc. 12). Defendant Oklahoma Department of Human Services ("OKDHS") was served on November 23, 2021. (Doc. 17). Motions to Dismiss were filed in responds by Defendant Makinson (Doc. 20) and OKDHS (Doc. 22). However, on December 16, 2021, Plaintiff attempted to Amend his Complaint (Doc. 25) and this Court deemed those Motions to Dismiss to be moot (Doc. 28). The parties filed new Motions to Dismiss on January 5, 2022, and January 11, 2022 (Doc. 30 & 31).

On January 19, 2022, Plaintiff filed a Motion to Compel (Doc 34) seeking an Order to require Defendant Makinson to produce certain documents. Makinson Responded in objection to this Motion (Doc. 37) on the basis that Plaintiff had not sent any request for documents to which defendant could be compelled to respond. The Motion to Compel was referred to Magistrate Judge West (Doc. 38), who denied Plaintiff's Motion on April 26, 2022. (Doc. 39).

On April 27, 2022, the Court entered an Order (Doc. 40) requiring Rule 26 Initial Disclosures and a Joint status Report. In that order, the Court determined that discovery should not be stayed pending rulings on the Motion to Dismiss. Plaintiff subsequently sent a single set of Requests for Production of Documents to both Makinson and OKDHS, seeking items that were not in the possession of Defendant Makinson, to the extent that that existed at all. (Ex. 1, Plaintiff's Requests for Production). Defendant Makinson responded to Plaintiff's discovery requests on June 3, 2022, stating that he had no such documents in his possession. (Ex. 2 – Makinson's Response to Plaintiff's Requests for Production).

On May 20, 2022, prior to the expiration of Defendants' time to respond to Plaintiff's Requests for Production, Plaintiff filed two amended pleadings, (Docs. 42 & 43) which the Court interpreted as *motions* to amend the Pleadings. *See* Order (Doc. 41). In the proposed amendments, as with each prior iteration of Plaintiff's opening pleading, Plaintiff appeared to add additional claims, defendants, causes of action, but also appeared to abandon claims and/or defendants made in previous pleadings. On August 3, 2022, the Court entered an Order allowing Plaintiff to file a Second Amended Complaint which contains the entirety of the claims against all defendants and which would supersede all previous complaints. (Doc. 61 at pg. 4).

On September 2, 2022, Plaintiff filed his Second Amended Complaint (Doc. 64), which included numerous wild and unconnected allegations against various officials and employees of

Okmulgee County, as well as the Oklahoma Department of Human Services ("OKDHS") and one of OKDHS's employees. Since filing his Second Amended Complaint, no summonses have been issued and no additional proofs of service have been filed. Plaintiff is not believed to have served any additional defendants. To the best of undersigned counsel's knowledge, Defendants Makinson and OKDHS remain the only served defendants in this case.

On September 12, 2022, Defendant OKDHS filed a Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 65). Defendant Makinson filed his Motion to Dismiss (Doc. 68) on September 16, 2022. Plaintiff Responded to the Motion filed by OKDHS (Doc. 69), but did not file any objection to the Motion to Dismiss filed by Defendant Makinson. These Motions remain pending before the Court.

**ARGUMENT AND AUTHORITY**

Plaintiff's Motion to Compel (Doc. 72) requests that this Court "demand Δ's to produce all discovery listed" in several attachments to the motion. It is not clear which party Plaintiff directs this motion against, as he seeks to compel responsive documents from, or seeks sanctions against, the "Δ and Δ's lawyers." Currently, the only two defendants served in this action are Makinson and the OKDHS. While his motion is unclear, plaintiff appears to include other, unserved Defendants as targets for this motion to compel. For the purposes of responding to Plaintiff's Motion, Defendant Makinson assumes the Motion is directed at him.

Plaintiff states he has "for years now" been asking for "several of the items listed" in his Requests for Production to the Defendants through the Freedom of Information Act and Oklahoma Open Records Act. (Doc. 72, pg. 1). Typically, Open Records Requests are submitted to public officials or government agencies pursuant to 51 O.S. § 24A.5, and open law enforcement records are specifically governed by § 24A.8. Plaintiff does not indicate what documents he has requested, what agency he requested the documents from, or when those

requests were made, and the exhibits attached to his motion do not include any evidence of open records requests. However, it would be highly unusual for an open record request to be directed to an individual deputy, such as Makinson, rather than the Sheriff's Office where he is employed and even less likely that the deputy would have the requested documents in his individual possession and control.

Plaintiff's Motion further states that he has on two occasions asked this Court to issue an Order requiring "Δs" produce the documents sought in his Requests for Production (Ex. 1) citing to his Motion to Strike Makinson's original Motion to Dismiss (Doc. 33) filed on January 19, 2022 and one of his two concurrently filed Motions to Amend (Doc. 43) filed on May 20, 2022. Neither document seeks production of the materials requested in Plaintiff's Requests for Production (Ex. 1). Moreover, as Plaintiff's Discovery Requests were sent to Defendants Makinson and OKDHS on May 3, 2022, no responses would have yet been due at the time the cited documents were filed, and as such, would not have been subject to a Motion to Compel regarding the requested documents. Plaintiff did file one Motion to Compel (Doc. 34) on January 19, 2022. However, this Motion was filed well before any discovery had been served on Defendant Makinson, and the Court properly denied that motion on the basis that Plaintiff had not yet served any Requests under Fed. R. Civ. P. 34 to which a response could be compelled. (Doc. 39).

Regardless, Defendant Makinson did submit a proper response to Plaintiff's written discovery requests. (Ex. 2). Unfortunately, to the extent Plaintiff's requests for Production seek documents which can be reasonably identified, those documents are not in the possession or control of Defendant Makinson. For instance, Plaintiff's Request No. 1 seeks:

> From March 12, 2022, forward the eight or nine total crime reports filed with Okmulgee County Sheriff's Dept. I.E. 2 x B and E at residence on Gun Club; 2 x

4

> neighbor's pit bull roam free range killing of Plnt's older livestock; 4 or 5 crime reports concerning theft of Plaintiff's cattle; and, one (1) shooting report against neighbors to the north shooting investigated by Okmulgee Police Dept. in November or so 2020 or 2019;*1
>
> *1. I already have pictures of bullet riddled "Buried Cable" sign.

To the extent that these requested documents exist, they are obtainable through an open records request to the Okmulgee County Sheriff's office, or possibly through discovery to Sheriff Rice in his official capacity. Moreover, at the time of this request, these requests had no possible relevance to any claim asserted in Plaintiff's Complaint.[1]

Similarly, Plaintiff has sought the "Oath[s] into office" for Makinson, as well as other unserved defendants, Sheriff's property logs, "Sheriff dept. copies of 'value oath' & 'creedo'(*sic*.)", dash camera and body camera video, dispatch logs, documents regarding the policies of the Okmulgee County Criminal Justice Center ("OCCJC")[2], and documents relating to the policies of the OKDHS. None of these documents are in the possession of Defendant Makinson.

Plaintiff further complains that this case has "languished in this Court long enough without the antics and theatrics by Δ's attorneys" and that "somebody is not taking this case serious as it is." (Doc. 72 at pg. 3). However, any delay in the proceedings before this court is not attributable to Defendant Makinson, but rather the result of Plaintiff's lack of diligence in prosecuting this case. Since filing his Second Amended Complaint on September 2, 2022, Plaintiff has failed to serve any additional Defendants. While *pro se* parties are generally held to

---

[1] Plaintiff has since been allowed to file a Second Amended Complaint (Doc. 64), which includes some vague and confusing claims against the unserved defendant Sheriff Eddie Rice, which the requested reports may have some relation to. But they have no possible relation to Plaintiff's claims against Makinson.

[2] The OCCJC is a Title 60 trust which is a separate political entity from Okmulgee County or the Okmulgee County Sheriff's Office. The OCCJC has not been named as a defendant in this action.

a less stringent standard that represented parties, they still must follow the same rules of procedure that govern other litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Plaintiff may seek documents from parties that have been served with summons pursuant to Fed. R. Civ. P. 4 by sending a Request for production pursuant to Fed. R. Civ. P. 34. Non-parties may be commanded to produce documents pursuant to the process set out in Fed. R. Civ. P. 45. To the extent Plaintiff seeks documents from any of the unserved defendants in this case, he has followed neither procedure, and therefore his Motion to Compel must fail as there is no valid request to which any unserved defendant could be compelled to respond to.

Fed. R. Civ. P. 34 provides that a requesting party may seek production of documents within a responding party's possession, custody, or control. Fed. R. Civ. P. 37(a)(3)(B)(iv) provides that a party may move for an order compelling production of documents discoverable under Rule 26 which are unlawfully withheld by the responding party. However, in the present case, the documents sought by Plaintiff are not within the possession, custody, or control of Defendant Makinson, to the extent that they exist at all. Defendant Makinson provided a Response to Plaintiff on June 2, 2022, stating he had no documents responsive to Plaintiff's discovery requests. In the intervening time, Plaintiff has not sought any supplementation or submitted any additional requests to Defendant Makinson. As Makinson has no documents responsive to Plaintiff's Requests for Production in his possession, the Motion to Compel should be denied.

Additionally, Plaintiff indicates that he seeks sanctions against the Defendants. While Plaintiff fails to identify any basis for his request for sanctions or the authority under which such sanctions could be granted, such would clearly be unwarranted in this case. The Federal Rules of

Civil Procedure provide for sanctions against a party or the party's attorney when a pleading, motion, or other paper signed by an attorney or an unrepresented party and is found to be in violation of Fed. R. Civ. P. 11. The rules further allow for sanctions for certification of improper discovery requests, responses, and objections or on a person who impedes, delays, or frustrates the fair examination of a deponent. Fed. R. Civ. P. 26(g)(3); Fed. R. Civ. P. 37. Additionally, the federal courts have an inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). However, such inherent power "must be exercised with restraint and discretion" and should only be used in certain "narrowly defined circumstances." *Id.* at 45. Those circumstances include "willful disobedience of a court order" and situations where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46 (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257-259 (1975)).

In this case, Plaintiff has presented no evidence that Defendant Makinson or his counsel have filed any improper pleading, motion, or engaged in any improper discovery, nor does Plaintiff allege that Defendant has willfully disobeyed any court order or engaged in any action in bad faith or for vexatious or oppressive reasons. As such, Plaintiff has not shown any basis to levy sanctions against any defendant, let alone Defendant Makinson.

WHEREFORE, premises considered, Defendant Gary Makinson, Okmulgee Deputy Sheriff, respectfully requests the Court deny Plaintiff's "Motion to Compel Discovery w/ Sanctions Imposed." [Dkt. 72].

Respectfully submitted,

s/ Justin P. Ashlock
Chris J. Collins, OBA No. 1800
Wellon B. Poe, OBA No. 12440
Justin P. Ashlock, OBA No. 33459
Jamison C. Whitson, OBA No. 18490
COLLINS, ZORN, & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105
Telephone:   (405) 524-2070
Facsimile:   (405) 524-2078
E-mail:   cjc@czwlaw.com
     wbp@czwlaw.com
     jpa@czwlaw.com
     jcw@czwlaw.com
**Attorneys for Defendant Gary Makinson**

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

John K.F. Langford, email: john.langford@okdhs.org
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK 73125-0352
Attorney for Defendant Department of Human Services

I further certify that on February 15, 2023, I served the attached document by U.S. Priority Mail, postage prepaid, to the following who is not registered participant of the ECF System:

Joseph Angelo DiCesare
14170 Gun Club Road
Okmulgee, OK 74447
Pro Se Plaintiff

s/ Justin P. Ashlock
Justin Ashlock

8