IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOSEPH ANGELO DICESARE,** <br><br> **Plaintiff,** <br><br> v. <br><br> **GARY MAKINSON,** Okmulgee Deputy Sheriff, <br> **JOSHUA WHITNEY,** Okmulgee Deputy Sheriff, <br> **FNU LAWSON,** Okmulgee Deputy Sheriff, <br> **CINDY STEPHENS,** <br> **KRISTI D. BOYDSTON, and** <br> **DEPARTMENT OF HUMAN SERVICES** <br><br> **Defendants.** | Case No. 21-CV-231-RAW |

## OPINION AND ORDER

Before the court are two motions to dismiss various claims contained in Plaintiff Joseph Angelo DiCesare's ("Plaintiff") Second Amended Complaint. Dkt. No. 64. First, Defendant Oklahoma Department of Human Services ("OKDHS") moves to dismiss Plaintiff's claims against it for violation of Plaintiff's rights under the 4th, 5th, 6th, 8th, and 14th Amendments of the United States Constitution, as well as unspecified violations of Oklahoma law. Dkt. No. 65. Second, Defendant Gary Makinson ("Makinson"), an Okmulgee Deputy Sheriff, moves to dismiss Plaintiff's claims against him for violations of Plaintiff's rights under the 4th, 8th, and 14th Amendments of the United States Constitution, as well as "a myriad of Okla. Const. Arts. & State Statutes . . . ." Dkt. No. 68; *see also* Dkt. No. 64 at 15.

Plaintiff did not respond to Defendant Makinson's dismissal motion and his deadline to do so has passed without request for an extension or to file out of time. Plaintiff did file a response in

opposition to OKDHS's dismissal motion. Dkt. No. 69. For the reasons stated, Defendant OKDHS's motion to dismiss is GRANTED. Defendant Makinson's motion to dismiss is GRANTED in part and DENIED in part as explained hereinbelow.

## BACKGROUND

Plaintiff's Second Amended Complaint asserts a broad array of loosely connected allegations against loosely related individuals and entities. Dkt. No. 64 at 2-14. With respect to the dismissal motions at issue, Plaintiff alleges that OKDHS violated his constitutional rights by "stealing Plaintiff's children" following a finding of child abuse/neglect. Dkt. No. 64 at 18; *see also* Dkt. No. 32, Ex. G. Plaintiff asserts this same alleged conduct violated his rights under section II-2 of the Oklahoma Constitution[1] and OKLA. STAT. tit. 76, § 1.[2]

As to Defendant Makinson, Plaintiff alleges that Makinson, among others, was called to Plaintiff's residence following a dispute between Plaintiff and his ex-girlfriend. Dkt. No. 64 at 5-9. Plaintiff was ultimately arrested on a gun charge and transported to jail by Defendant Makinson. *Id*. at 9. Plaintiff alleges that "while enroute to lock-up" Defendant Makinson "slammed on the brakes so hard it rammed Plaintiff's head into the cage in the patrol car," resulting in a skull fracture. *Id*. Plaintiff asserts that Defendant Makinson's actions, which he allegedly repeated two (2) more times, were "purposeful." *Id*. at 9-10. Plaintiff claims this alleged conduct "violated the rights, privileges and immunities of [the] 4th, 8th, and 14th Amendments . . . and a myriad of Okla. Const. Arts. & State Statutes . . . ." *Id*. at 15. Plaintiff alleges that Defendant Makinson subsequently stole money from his wallet sometime during the three (3) days he was in jail. *Id*.

---

[1] "All persons have the inherent right to life, liberty, the pursuit of happiness, and the enjoyment of the gains of their own industry."

[2] "Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights."

2

Plaintiff asserts that the alleged theft of money from his wallet violated "both federal and state law, *e.g.*, Okla. Const. Art. II § 2, 7, 30, [and] all of the statutes involving mental health, and especially" OKLA. STAT. tit 76, 1, 3. *Id*. at 16.

Both Defendants argue that Plaintiff's claims against them should be dismissed under FED. R. CIV. P. 12(b)6) for failure to state a claim upon which relief can be granted. Defendant OKDHS also argues that dismissal is proper for lack of jurisdiction under FED. R. CIV. P. 12(b)(1).

## STANDARD OF REVIEW

The purpose of a motion to dismiss under FED. R. CIV. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 680. Second, the court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

"The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1192. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

Additionally, FED. R. CIV. P. 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations

4

of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.[3]

## ANALYSIS

First, Defendant OKDHS argues that dismissal is appropriate under FED. R. CIV. P. 12(b)(1) because this court lacks jurisdiction to consider Plaintiff's claims. Dkt. No. 65 at 2. Specifically, OKDHS asserts that Plaintiff's claims against it are barred by the Eleventh Amendment to the United States Constitution and also because OKDHS is not a "person" subject to suit under 42 U.S.C. § 1983. *Id*. at 4, 6.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment expressly refers to suits by "Citizens of another State," the Supreme Court has made clear that "the Amendment bars suits against a State by citizens of that same State as well." *Papasan v. Allain*, 478 U.S. 265, 276 (1986). The Supreme Court has further explained that "in the absence of consent a suit in which the State or one of its agencies or departments is named as a defendant is proscribed by the Eleventh Amendment." *Pennhurst State School v. Hosp. & Halderman*, 465 U.S. 89, 100 (1984).

---

[3] Plaintiff is proceeding *pro se*. The court construes liberally the pleadings of *pro se* litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by lawyers, a *pro se* litigant must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Therefore, the relevant inquiries are (i) whether Defendant OKDHS is an agency or department of the State of Oklahoma and (ii) whether the State of Oklahoma has consented to suit by a citizen such as Plaintiff. Regarding the first inquiry, no legal analysis is necessary to conclude that the *Oklahoma Department* of Human Services is a department of the State of Oklahoma. *See Legates v. Oklahoma ex rel. Rogers Dept. of Human Services*, 2010 WL 4941437, *4 (N.D. Okla. Nov. 30, 2010) ("DHS is an arm of the State of Oklahoma to which immunity under the Eleventh Amendment applies."); *McKinney v. State of Oklahoma Dept. of Human Services*, 925 F.2d 363, 365 (10th Cir. Feb. 8, 1991) ("We agree with the district court that the eleventh amendment bars plaintiff from seeking money damages against the Oklahoma Department of Human Services.").

With respect to the second inquiry, the State of Oklahoma has not consented to suit by its citizens and has expressly "adopt[ed] the doctrine of sovereign immunity." OKLA. STAT. tit. 51, § 152.1(A). Oklahoma law provides "it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution." *Id*. at § 152.1(B). As such, Plaintiff's claims against Defendant OKDHS must fail for lack of subject matter jurisdiction. It is therefore unnecessary for the court to address OKDHS's separate arguments for dismissal

Defendant Makinson argues that Plaintiff's claims against him should be dismissed for failure to state a claim under FED. R. CIV. P. 12(b)(6). Defendant first asserts that Plaintiff's Complaint "fails to meet the requirements set forth in FED. R. CIV. P. 8," which calls for a "short and plain statement . . . showing that the pleader is entitled to relief." Dkt. No. 68 at 6-7. Makinson continues that Plaintiff's Complaint is subject to dismissal because "it is twenty-five pages long, with eleven exhibits, and consists mainly of long, rambling, paragraphs, filled with legal conclusions, which ultimately fail to meet the standard set forth in FED. R. CIV. P. 8." *Id*. at 7.

The court will not dismiss Plaintiff's Complaint for being too long. However, the court must determine whether the substance of the allegations contained in Plaintiff's 25-page Complaint state a plausible claim for relief under state law and/or under 42 U.S.C. § 1983. Plaintiff alleges that Defendant Makinson "purposeful[ly]" slammed on the brakes of his patrol car in route to Okmulgee County Jail, causing Plaintiff's head to strike the cage in the vehicle, which "resulted in Plaintiff's forehead being fractured above Plaintiff's left eye . . . ." Dkt. No. 64 at ¶¶ 9-10. Plaintiff also alleges that Defendant Makinson stole $240.00 from his wallet while Plaintiff was in jail. *Id*. at ¶ 11.

To the extent Plaintiff claims this conduct violated "myriad" Oklahoma articles and state statutes, including section 1 of Article XV 1 of the Oklahoma Constitution, the claim(s) must fail. Section 1 of Article VX of the Oklahoma Constitution pertains to the oath of office required of public officers. An oath of office does not equate a contract with an individual such as Plaintiff. *See Ginter v. Johnson*, 2014 WL 1271755 (D. Utah Mar. 27, 2014). In any event, "[p]olicemen, firemen, and mail carriers are evidently not officers contemplated by said section." *Oklahoma City v. Oklahoma Ry. Co.*, 1907 OK 158, 93 P. 48, 51. Plaintiff's state tort claims are also barred by the applicable one-year statute of limitations for persons in the custody of the State of Oklahoma. OKLA. STAT. tit. 12, § 95(A)(11). Accordingly, Plaintiff's state law claims against Defendant Makinson are properly dismissed.

Although not specifically articulated, the remainder of Plaintiff's claims against Defendant Makinson are asserted under 41 U.S.C. § 1983 for violation of his civil rights. These claims arise from the same facts as those described above; specifically, that Defendant Makinson purposefully

slammed on the brakes of his patrol car, causing injury to Plaintiff. Dkt. No. 64 at ¶¶ 9-11.[4] Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

Therefore, Plaintiff's remaining causes of action against Defendant Makinson (for violation of his rights under the 4th, 8th, and 14th Amendments of the United States Constitution) require that Defendant Makinson was acting under color of state law and that he subjected or caused Plaintiff to be subjected to a deprivation of his constitutional rights. *Id.*; *see also Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). The court finds it self-evident that Defendant Makinson was acting under color of state law when, Plaintiff alleges, Makinson placed Plaintiff under arrest, put Plaintiff into his patrol car, and then repeatedly and purposefully slammed on the brakes while transporting Plaintiff to jail. Dkt. No. 64 at ¶¶ 9-10.

Defendant Makinson's argument for dismissal is that Plaintiff's Complaint does not adequately allege that Makinson violated Plaintiff's constitutional rights. Dkt. No. 64 at 8-9. Makinson relies primarily on the Tenth Circuit's decision in *McCowan v. Morales*, 945 F.3d 1276 (10th Cir. 2019). However, upon review of *McCowan*, the court reaches the opposite conclusion:

---

[4] Although Plaintiff refers to a violation of his "rights, Federal & State," in connection with the alleged theft of money, the court is not clear whether Plaintiff is asserting a § 1983 claim based on those allegations. Dkt. No. 64 at pp. 1-16. By contrast, Plaintiff explicitly asserts that Defendant Makinson's slamming on the brakes in the police car violated his 4th, 8th, and 14th Amendment rights. *Id.* at p. 15. In any event, a § 1983 claim arising out of the alleged theft from Plaintiff's wallet cannot survive because a "meaningful post-deprivation remedy for the loss is available" in the form of a state tort law action. *See Hudson v. Palmer*, 468 U.S. 517, 533.

that Plaintiff *has* adequately alleged a constitutional violation. The Tenth Circuit in *McCown* determined that the plaintiff's § 1983 excessive force claim survived a summary judgment motion where the arresting officer "placed [plaintiff], handcuffed but unrestrained by a seatbelt, in the 'caged' back seat of the patrol car, and then drove recklessly, knowingly tossing [plaintiff] about the back seat," injuring the plaintiff's shoulder. *See McCowan*, 945 F.3d at 1282, *ff*.

Nor is the court convinced by Defendant's argument that Plaintiff's claim should be disposed of at the dismissal stage because Plaintiff does not allege whether he was restrained, whether the braking was unnecessary given the traffic conditions, or whether Defendant was aware of Plaintiff's injuries at the time. Dkt. No. 68 at 9. Plaintiff *does* allege that Defendant Makinson "slammed on the brakes so hard it rammed Plaintiff's head into the cage in the patrol car," which Plaintiff refers to as a "stunt" that occurred on at least two (2) more occasions. *Id*.

Defendant points out that negligence—even gross negligence—has been deemed insufficient to support a claim under § 1983. Dkt. No. 68 at 7. Defendant notes that the Tenth Circuit has disallowed a § 1983 claim "where officers simply failed to seatbelt a handcuffed prisoner who was then injured due to negligence or an unavoidable accident." *Id*. at 8 (*See McCowan*, 945 F.3d at 1284 (citing *Brown v. Larsen*, 653 F. App'x 577, 577-80 (10th Cir. 2016) (unpublished); *Dexter v. Ford Motor Co.*, 92 F. App'x 637, 638, 640-44 (10th Cir. 2004) (unpublished)).

The defendant in *McCowan* advanced these same cases for the same proposition. *See McCowan*, 945 F.3d at 1284. There, the Tenth Circuit stated that the defendant "inaccurately compare[d]" the above-cited opinions, which involved "dissimilar situation[s]." *Id*. The court finds that to be the case here as well. Critically, Plaintiff's allegations in the Complaint do not add up to negligence (even gross negligence) or unavoidable accident. Rather, Plaintiff alleges that

9

Defendant's repeated "stunt" was "*purposeful*." Dkt. No. 64 at ¶¶ 9-10 (emphasis added). The court finds that Plaintiff has adequately alleged that Defendant was acting under color of state law and caused or contributed to a deprivation of Plaintiff's constitutional rights.

Lastly, the court must determine whether Defendant Makinson is entitled to qualified immunity, which, if he is, warrants dismissal of Plaintiff's claims against Makinson in their entirety. Defendant Makinson is "entitled to qualified immunity unless it is demonstrated that [his] conduct violated clearly established constitutional rights of which a reasonable person in [his] position would have known." *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1251 (10th Cir. 1991). "The relative, dispositive inquiry in determining whether the right is clearly established is whether it would be clear to a reasonable [official such as Defendant] that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). "To be clearly established, ordinarily there must be prior Supreme Court or Tenth Circuit precedent . . . that would have put an objective officer in [Makinson's] position on notice that he was violating [Plaintiff's] Fourth Amendment rights." *Estate of Ceballos v. Husk*, 919 F.3d 1204, 1213 (10th Cir. 2019) (citing *Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1210 (10th Cir. 2017)).

*McCowan* is again instructive. In that case—the facts and allegations of which are described above—the Tenth Circuit upheld "the district court's decision to deny [the police officer] qualified immunity from [the plaintiff's] excessive force claim based on the 'rough ride' he took in the back seat of [the police officer's] patrol car." *McCowan*, 945 F.3d at 1289. The Supreme Court has explained that although there does not have a be "a case directly on point," the existing precedent must place the unconstitutionality of the alleged conduct "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Here, the court finds that *McCowan* is precedential, the

unconstitutionality of the alleged conduct is beyond debate, and thus the right allegedly violated was and is clearly established.

The court notes that each case cited by Defendant Makinson for his qualified immunity argument is considering the argument on a motion for summary judgment. Although the precise allegations in those cases are unknown to this court, the plaintiffs' claims obviously survived dismissal. Here, too, the court declines to dispose of Plaintiff's claim on a motion to dismiss. Of course, to succeed on his § 1983 excessive force claim, Plaintiff will have to prove that the events in question unfolded as he contends they did. But the court holds that at this stage in litigation Plaintiff has sufficiently stated a plausible claim for relief under § 1983.

## CONCLUSION

For the reasons set forth above, Defendant OKDHS's motion to dismiss [Dkt. No. 65] is GRANTED. Defendant Makinson's motion to dismiss [Dkt. No. 68] is GRANTED in part and DENIED in part as explained hereinabove.

**IT IS SO ORDERED** this 30th day of May, 2023.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**