IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH ANGELO DICESARE,<br><br>    Plaintiff,<br><br>v.<br><br>GARY MAKINSON, Okmulgee Deputy Sheriff,<br>JOSHUA WHITNEY, Okmulgee Deputy Sheriff,<br>FNU LAWSON, Okmulgee Deputy Sheriff,<br>CINDY STEPHENS,<br>KRISTI D. BOYDSTON, and<br>DEPARTMENT OF HUMAN SERVICES<br><br>    Defendants. | Case No. 21-CV-231-RAW |

**OPINION AND ORDER**

Before the court is Plaintiff Joseph Angelo DiCesare's ("Plaintiff") motion to compel discovery. Dkt. No. 72. Defendants Oklahoma Department of Human Services ("OKDHS") and Gary Makinson ("Makinson") filed separate response briefs in opposition to Plaintiff's motion. Dkt. Nos. 75, 76]. The motion to compel is fully briefed. Also before the court is Defendant Makinson's motion to strike Plaintiff's reply brief. Dkt. No. 78.

For the reasons stated, Defendant Makinson's motion to strike [Dkt. No. 78] is GRANTED and Plaintiff's motion to compel [Dkt. No. 72] is DENIED.

**BACKGROUND**

On May 5, 2022, Plaintiff mailed discovery requests to OKDHS and Makinson. Dkt. No. 72 at Ex. A, B. Specifically, Plaintiff directed seven (7) requests for production of documents to Makinson and a single request for production to OKDHS. *Id*.

On June 3, 2022, Defendant Makinson responded to Plaintiff's discovery requests, indicating that there were no responsive documents in his possession. Dkt. No.75, Ex. 2. OKDHS has informed the court that it also responded to Plaintiff's discovery requests. Dkt. No. 76. Plaintiff filed the instant motion to compel on February 1, 2021. Dkt. No. 72. On May 30, 2023, the court entered an order granting OKDHS's motion to dismiss; therefore, Plaintiff's instant motion to compel only pertains to Defendant Makinson. Dkt. No. 76.

## APPLICABLE LAW

The Federal Rules of Civil Procedure provide:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). During the discovery process a requesting party may obtain relevant documents, electronically stored information, and other tangible things that are "in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a).

Where disagreements arise with respect to discovery, the requesting party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id*.

## ANALYSIS

The court must first address Defendant Makinson's motion to strike Plaintiff's reply in support of his motion to compel. Dkt. No. 78. If granted, the court will not consider arguments in the reply in deciding Plaintiff's motion to compel.

2

As Defendant points out, Plaintiff's reply brief is fifteen (15) pages long and contains twelve (12) exhibits. The local rules of this court are clear that reply briefs may not exceed ten (10) pages without authorization from the court. *See* LCvR 7.1(e). Plaintiff did not seek leave of court in advance of filing his 15-page reply brief.[1] Yet more significantly, Plaintiff's reply brief does not address new matters contained in Defendant's response. Instead, Plaintiff's reply consists of accusations of misconduct by defense counsel, long-winded narratives regarding unserved defendants, and complaints regarding alleged mistreatment by non-parties (some of which date back nearly four decades). Dkt. No. 77. None of the exhibits appended to Plaintiff's reply brief bear on the arguments at issue in his discovery motion. *Id*. at Exs. A-L. For these reasons, the court grants Defendant's motion to strike and will not consider the arguments in Plaintiff's reply in deciding the underlying motion to compel (which arguments, in any event, do not relate directly to this discovery dispute and thus would not impact the outcome of the same).

Turning to the motion to compel, the court first notes that Plaintiff fails to include in his motion a certification that he has in good faith conferred or attempted to confer with Makinson to obtain the discovery he seeks without requesting this court to intervene. Rather than merely failing to formally *certify* that he conferred or attempted to confer with either defendant, it appears Plaintiff did not attempt to confer whatsoever. *See* Dkt. No. 76 ("Finally, Plaintiff has not and makes no averment in his motion that he conferred or attempted to confer in good faith to resolve this issue as required by FED. R. CIV. P. 36(a)(1)."). Plaintiff's motion may be denied for this reason alone. *See, e.g., Cavanaugh v. Southern California Permanente Medical Group, Inc*., 583 F. Supp.

---

[1] Plaintiff is proceeding in this lawsuit *pro se*. The court construes liberally the pleadings of *pro se* litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by lawyers, a *pro se* litigant must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

2d 1109, 1139-40 (C.D. Cal. 2008) (stating that "failure to provide . . . a FED. R. CIV. P. 37(a) certification will result in the court's refusal to consider any such discovery motion."); *Bibbs v. New River Community and Technical College*, 285 F.R.D. 382, 390 (S.D.W. Va. 2012) ("Based on a review of the record, Plaintiff failed to file a certification in compliance with Rule 37. Accordingly, it is hereby ORDERED that Plaintiff's Motion to Compel (Document No. 32.) is DENIED.").

The Local Rules for the United States District Court for the Eastern District of Oklahoma similarly require that the parties confer in advance of filing, among other things, a motion to compel. LCvR 7.1(f) ("With respect to **all** non-dispositive motions or objections (including all discovery matters and motions in limine), the Court shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord.") (emphasis in original).[2]

Yet the court is of the opinion, and holds, that Plaintiff's motion is properly denied on the merits. Plaintiff's discovery requests to Defendant Makinson seek (i) Okmulgee County Sheriff's Office crime reports for a period of over a decade, (ii) Defendant's "oath into office," (iii) Okmulgee County Sheriff's Office property logs, (iv) copies of the Okmulgee County Sheriff's Office "value oath" and "creedo," (v) dash- and body-cam footage, (vi) Okmulgee County Sheriff's Office dispatch logs, and (vii) unspecified materials regarding how the Okmulgee County Sheriff's Office handle "senior mentally challenged" individuals. Dkt. No. 72, Ex. B-2.

To the extent Plaintiff describes the documents he seeks with specificity, Defendant Makinson responds that many of the documents are irrelevant, and, significantly, none are in his

---

[2] *See* note 1, *supra*.

possession or subject to his control. Dkt. No. 75 at Ex. 2. Without deciding the issue, on review of the discovery requests, the court is of the opinion that several (though not all) items sought in Plaintiff's discovery requests are indeed relevant to the claims and defenses in this lawsuit. However, Plaintiff is only entitled to discover materials from Makinson that are in *Makinson's* "possession, custody, or control." FED. R. CIV. P. 34(a).

As Defendant represents in his response to Plaintiff's motion to compel (and in his responses to Plaintiff's discovery requests), he does not have possession of the materials Plaintiff seeks. Dkt. No. 75 at 5 & Ex. 2. Makinson's representation is made to this court in a signed, sworn filing. Those materials, to the extent they exist, are in the possession and control of the Okmulgee County Sheriff's Department, which, on review of Plaintiff's discovery requests, it appears Plaintiff understands. Dkt. No 75 at Ex. 2.[3] Had Plaintiff conferred with Makinson in advance of filing his motion to compel, as required by law and local rule, perhaps he would have realized the impropriety of seeking the materials directly from Makinson.

To the extent the materials Plaintiff seeks are relevant and in fact exist, they are not out of Plaintiff's reach through other discovery mechanisms.[4] However, regardless of how Plaintiff may or may not elect to proceed, this court will not compel Defendant Makinson to produce documents that are not in Defendant's possession or subject to his control.

## CONCLUSION

For the reasons set forth above, Defendant Makinson's Motion to Strike Plaintiff's Reply Brief [Dkt. No. 78] is **GRANTED** and Plaintiff's Motion to Compel Discovery from Defendant Makinson [Dkt. No. 72] is **DENIED**.

---

[3] Plaintiff's discovery requests explicitly refer to the Okmulgee County Sheriff's "Department" or "Criminal Justice Center" in five of the seven requests to Makinson, not including his request for dash- and body-cam footage that is presumably in that office's possession and control.
[4] *See, e.g.*, FED. R. CIV. P. 45.

**IT IS SO ORDERED** this 14th day of June, 2023.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**