IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Joseph Angelo DiCesare,<br><br>　　Plaintiff,<br><br>v.<br><br>Gary Makinson, et al.,<br><br>　　Defendants. | Case No. 21-CIV-231-RAW |

### ORDER

Before the court are Plaintiff's motions as follows:  Service of Process [Docket No. 70], Injunctive Relief and Temporary Restraining Order & Protective Order [Docket No. 80], Leave of Court [Docket No. 81] and Default Judgment [Docket No. 82].

The plaintiff is proceeding *pro se* in this matter.  The court has carefully reviewed the record and construes Plaintiff's pleadings liberally.  Haines v. Kerner, 404 U.S. 519 (1972).  This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'"  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).  The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing.  Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989), cert. denied, 493 U.S. 1059 (1990); Lorraine v. United States, 444 F.2d 1 (10th Cir. 1971).  )).

**Service of Process [70]**

The United States Marshal has attempted to serve the defendants named by Plaintiff; however, the information as to their whereabouts appears to have been incorrect or incomplete. Plaintiff requests in the motion that the court appoint him to serve the unserved defendants; however, he does not state whether he knows the whereabouts of the unserved defendants or what steps he may have undertaken to locate the same. Plaintiff also indicates that service by publication would be possible, but he does not have the necessary funds to "place an ad in the local newspaper." Again, Plaintiff has failed to state in his motion any last known addresses of the unserved defendants which is necessary to determine whether the defendants might receive actual notice of the proceedings through publication. While the court recognizes that locating the whereabouts of defendants may be a difficult task, the IFP statute "places the burden on the party seeking to conduct service by publication to provide this information." See 28 U.S.C. §1915; *Hernandez v. Russell,* 2022 WL 347552 at *3 (D. Nevada Feb. 4, 2022).

**Injunctive Relief [80]**

Plaintiff asks for suspension of his state court imposed "fine, court costs and all back taxes." For the following reasons, Plaintiff's Motion for Injunctive Relief is denied.

Requests for injunctions are governed by Rule 65, Fed.R.Civ.P. There are four elements that must be proven for a party to obtain a permanent injunction: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Fisher v. Okla. Health Care Auth., 335 F.3d 1175, 1180 (10th Cir.2003). The criteria to obtain a preliminary injunction is "remarkably similar." "The only measurable difference between the two is that a permanent injunction requires showing actual

success on the merits, whereas a preliminary injunction requires showing a substantial likelihood of success on the merits." Prairie Band Potawatomi Nation v. Wagnon, 476 F.3d 818, 822 (C.A.10, 2007).

Plaintiff has failed to satisfy the requirements for an injunction as there is not a likelihood of success on the merits or a viable threat of immediate and irreparable injury.  Additionally, Plaintiff's motion is replete with scandalous and impertinent material and is therefore, stricken pursuant to Rule 12(f), Fed. R. Civ. P.

### Leave of Court [81]

Plaintiff's "Leave of Court" motion is denied.  The court is unable to divine what relief Plaintiff is actually seeking, though presumably he seeks to file voluminous discovery documents. Pursuant to Rule 26.1, LCvR, discovery documents are not to be filed.

### Default Judgment

Plaintiff's "Default Judgment" motion is denied.  The Plaintiff has failed to satisfy the requirements of Rule 55, Fed. R. Civ. P. and Rule 55.1, LCvR in order to seek a default judgment.

For the reasons set forth above, Plaintiff's motions [Docket Nos. 70, 80, 81, 82] are DENIED.

**IT IS SO ORDERED** this 1st day of August, 2023.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**