IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH ANGELO DICESARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-231-RAW |
| | ) |
| GARY MAKINSON, Okmulgee Deputy Sheriff, JOSHUA WHITNEY, Okmulgee Deputy Sheriff, CINDY STEPHENS, KRISTI D. BOYDSTON, and DEPARTMENT OF HUMAN SERVICES, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER DENYING PLAINTIFF'S
OBJECTION TO TAKE VIDEO DEPOSITION**

This matter is before the Court on Plaintiff's Objection to Take Video Deposition. On June 18, 2024, the Court referred this matter to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1). *See* Docket No. 100. For the reasons set forth below, the undersigned Magistrate Judge finds the Objection to Take Video Deposition [Docket No. 98] should be DENIED.

**Procedural History**

Plaintiff, who is *pro se*, asserts various U.S. Constitution and state law claims under 42 U.S.C. § 1983 for discrimination and theft of monies. *See* Docket Nos. 25 and 58. On June 7, 2024, Defendant Gary Makinson noticed Plaintiff's deposition. *See* Docket No. 97. Plaintiff filed an objection, stating there will be no video deposition of him pursuant

to 21 O.S. § 1740.1 and that he is not giving up his state statutory right not to be videotaped. *See* Docket No. 98.

## Analysis

Defendant Makinson responds to Plaintiff's motion by assuming that Plaintiff is seeking a protective order under Fed. R. Civ. P. 26(c) preventing his deposition from being video recorded. The undersigned Magistrate Judge Agrees. Because Plaintiff is *pro se*, the undersigned Magistrate Judge liberally construes the Objection as requesting a protective order prohibiting his deposition from being video recorded. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (requiring courts to liberally construe a *pro se* litigant's pleadings); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (a court construes a *pro se* party's pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers."). Based on the notice to take his deposition and his Objection, it is apparent Plaintiff is seeking to prevent the video recording of his deposition.

Rule 26(c) of the Federal Rules of Civil Procedure provides that the court may, for good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Under the Rule, the party seeking protection has the burden to show good cause for preventing dissemination of discovery materials. *Condit v. Dunne*, 225 F.R.D. 113, 115 (S.D.N.Y. 2004). The good cause standard requires that the moving party identify any specific prejudice or oppression that will be caused by disclosure. B*urlington City Bd. Of Educ. v.*

*U.S. Mineral Prods. Co.*, 115 F.R.D. 188, 191 (M.D.N.C. 1987).  That party must present concrete reasons justifying a protective order and not rest on unverified fears.  *Id.*

Plaintiff argues his deposition should not be video recorded pursuant to 21 O.S. 1740.1 and that he is not giving up his "statutory right not to be videotape[d]." *See* Docket No. 98.  While the Court construes *pro se* pleadings liberally and holds them to less stringent standards than pleadings drafted by lawyers, a *pro se* litigant must "follow the same rules of procedure that govern all other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).  Finally, although the court is required to exercise a liberal interpretation of plaintiff's *pro se* pleadings, the court need not assume the role of advocate for plaintiff. *Adbullah v. Jones*, 2014 WL 4699701, at *2 (E.D. Okla. Sept. 19, 2014).

As noted by Defendant Makinson, the only specific Oklahoma Statute cited by Plaintiff is unrelated to depositions specifically or video recording anyone generally.  Instead, it provides that "[i]t shall be unlawful for any person to enter upon any premises with intent to steal or remove without the consent of the owner, or with intent to aid or assist in stealing or removing any dimensional stone product."  21 O.S. § 1740.1(A).  "[D]imensional stone product" is defined as "any natural rock material quarried for the purpose of obtaining blocks or slabs that meet specifications as to size and shape. Varieties of dimensional stone shall include, but not be limited to, granite, limestone, marble, sandstone or slate."  *Id*. at § 1740.1(B).  Plaintiff offers no other statutory basis or

explanation as to any specific prejudice or oppression that will be caused by video recording his deposition.

The Federal Rules of Civil Procedure permit deposition testimony to be recorded by "audio, audiovisual, or stenographic means." Fed. R. Civ. P. 30(b)(3)(A). The Rule specifically requires only that the "party who notices the deposition must state in the notice the method for recording the testimony." *Id*. "Courts have generally given Rule 30 a liberal interpretation designed to promote, rather than hinder, the practice of recording discovery proceedings through the use of nonstenographic means." *Ott v. Stipe Law Firm*, 169 F.R.D. 380, 381 (E.D. Okla. 1996).

Defendant Makinson's notice to take Plaintiff's deposition plainly meets the requirements of Fed. R. Civ. P. 30(b). The notice states when and where the deposition will take place and specifically states that it will be taken before a qualified court reporter and will be video recorded. *See* Docket No. 97. Plaintiff fails to meet his burden to show good cause for a protective order preventing the video recording of his deposition because he does not show any annoyance, embarrassment, oppression, or undue burden or expense related to video recording his deposition.

## Conclusion

Accordingly, Plaintiff's Objection to Take Video Deposition [Docket No. 98] is DENIED.

**DATED** this 20th day of June, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**