## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOSEPH ANGELO DICESARE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-21-231-RAW** |
| | ) | |
| **GARY MAKINSON, Okmulgee Deputy** | ) | |
| **Sheriff, JOSHUA WHITNEY,** | ) | |
| **Okmulgee Deputy Sheriff, CINDY** | ) | |
| **STEPHENS, KRISTI D. BOYDSTON,** | ) | |
| **and DEPARTMENT OF HUMAN** | ) | |
| **SERVICES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER AND OPINION DENYING PLAINTIFF'S
### MOTION FOR PROTECTIVE ORDER

This matter is before the Court on Plaintiff's Motion for Protective Order [Docket No. 104]. On July 9, 2024, the Court referred this matter to the undersigned Magistrate Judge for final disposition pursuant to 28 U.S.C. § 636(b)(1). *See* Docket No. 105. For the reasons set forth below, the undersigned Magistrate Judge finds Motion for Protective Order [Docket No. 104] should be DENIED.

### Procedural History

Plaintiff, who is *pro se*, asserted various U.S. Constitution and state law claims under 42 U.S.C. § 1983 for discrimination and theft of monies. *See* Docket Nos. 25 and 58. His remaining claim alleges excessive use of force as to Defendant Gary Makinson. *See* Docket No. 85, p. 11. On June 7, 2024, Defendant noticed Plaintiff's deposition. *See*

1

Docket No. 97. Plaintiff filed an objection, stating there will be no video deposition of him pursuant to 21 O.S. § 1741 and that he is not giving up his state statutory right not to be videotaped. *See* Docket No. 98. The Court referred that motion to the undersigned Magistrate Judge on June 18, 2024 [Docket No. 100], and the undersigned Magistrate Judge issued an order denying it on June 20, 2024 [Docket No. 101]. The deposition remained set for June 28, 2024.

On June 25, 2024, Defendant filed an Amended Notice of Deposition [Docket No. 102] to take Plaintiff's deposition on August 2, 2024. Defendant notes in their response this was done at Plaintiff's request and that Plaintiff and counsel mutually agreed to the rescheduled date. *See* Docket No. 107, pp. 1-2. On July 8, 2024, Plaintiff filed the present Motion for Protective Order, again requesting relief from the deposition.

## Analysis

Plaintiff seeks to prevent his deposition and objects on the grounds that: (i) he "doesn't feel right or good" about the location for the deposition, the Okmulgee County Board of County Commissioners; (ii) he will have to ask someone to watch his farm while he is gone to prevent Defendant from stealing his "SSA"; (iii) he is concerned about the length as the Amended Notice states the deposition "will continue from day to day until completed"; (iv) he believes he is being put on trial instead of Defendant; and (v) he continues to believe a videotaped deposition is in violation of Oklahoma law.

While the Court construes *pro se* pleadings liberally and holds them to less stringent standards than pleadings drafted by lawyers, a *pro se* litigant must "follow the same rules of procedure that govern all other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th

Cir. 1994). "[*P*]*ro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). Finally, although the court is required to exercise a liberal interpretation of plaintiff's *pro se* pleadings, the court need not assume the role of advocate for plaintiff. *Adbullah v. Jones*, 2014 WL 4699701, at *2 (E.D. Okla. Sept. 19, 2014).

As stated in the previous Order [Docket No. 101], Rule 26(c) of the Federal Rules of Civil Procedure provides that the court may, for good cause, issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Under the Rule, the party seeking protection has the burden to show good cause for preventing dissemination of discovery materials. *Condit v. Dunne*, 225 F.R.D. 113, 115 (S.D.N.Y. 2004). The good cause standard requires that the moving party identify any specific prejudice or oppression that will be caused by disclosure. *Burlington City Bd. Of Educ. v. U.S. Mineral Prods. Co.*, 115 F.R.D. 188, 191 (M.D.N.C. 1987). That party must present concrete reasons justifying a protective order and not rest on unverified fears. *Id.*

Parties may take depositions of "any person, including a party, without leave of court."[1] Fed. R. Civ. P. 30. Rule 30 directs that "[t]he party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The

---

[1] None of the enumerated exceptions apply here. *See* Fed. R. Civ. P. 30(2).

noticing party bears the recording costs. Any party may arrange to transcribe a deposition." "Courts have generally given Rule 30 a liberal interpretation designed to promote, rather than hinder, the practice of recording discovery proceedings through the use of nonstenographic means." *Ott v. Stipe Law Firm*, 169 F.R.D. 380, 381 (E.D. Okla. 1996). Plaintiff argues his deposition should not be video recorded pursuant to 21 O.S. 1741 and that he is not giving up his "state created right not to be videotape[d]." *See* Docket No. 104, p. 4. He notes this is the "corrected" statute, then appears to assert Defendant should provide him a "lucrative contract & and big check for this reality video," noting, "That's how they do it in Cali." Docket No. 104, p. 4.

As noted by Defendant, even this "corrected statute" does not relate to depositions specifically or video recording anyone generally. Instead, named the "Unlawful Use of a Recording Device Act" it provides, *inter alia*, that "[a]ny person, where a motion picture is being exhibited, who knowingly operates an audiovisual recording function of a device without the consent of the owner or lessee of the facility and of the licensor of the motion picture being exhibited shall be guilty of unlawful use of a recording device and shall be punished by imprisonment in the county jail for a term not to exceed one (1) year, by a fine not more than Ten Thousand Dollars ($10,000.00), or by both such fine and imprisonment." 21 Okla. Stat. § 1741 ("Audiovisual recording function" means the capability of a device to record or transmit a motion picture or any part thereof by means of any technology now known or later developed[.]"). Plaintiff offers no other statutory basis or explanation as to any specific prejudice or oppression that will be caused by video recording his deposition. Because Defendant's Amended Notice [Docket No. 102] again

complies with Rule 30, Plaintiff again fails to meet his burden to show good cause for a protective order preventing the video recording of his deposition because he does not show any annoyance, embarrassment, oppression, or undue burden or expense related to video recording his deposition.

The undersigned Magistrate Judge notes that, pursuant to Rule 30, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Defendant refers to the statement in the Amended Notice that the deposition will "continue from day to day until completed" as "standard language," but acknowledges Rule 30's restrictions and asserts he does not believe the deposition will even go for the allotted seven hours. As there is no other order from the Court extending the length of the deposition, the undersigned Magistrate directs the deposition be conducted, as scheduled, in accordance with Rule 30.

Additionally, the undersigned Magistrate finds Plaintiff fails to meet his burden to show good cause for a protective order as to the location of the deposition. Plaintiff asserts that he does not "feel right or good about this setting," making the general accusation that "most [Defendants] are there with a bat[t]allion of lie validators." Docket No. 104, p. 3. This accusation is unfounded and unsupported. Defendant states in his response that the location of the deposition is within seven miles of Defendant's residence, and that the location was chosen and agreed to by Plaintiff during a phone call between Plaintiff and Defendant prior to the original Notice of Deposition. *See* Docket No. 107, pp. 6-7.

Defendant proposes the alternative location of the offices of InstaScript, LLC,[2] in Oklahoma City, Oklahoma, but the undersigned Magistrate Judge does not find this to be a viable alternative, given its distance from Okmulgee and in light of Plaintiff's concerns regarding bias, given that InstaScript is a company with which Defendant has contracted. The deposition shall remain at the current setting in Okmulgee, Oklahoma.  Alternatively, Defendant may conduct Plaintiff's deposition on August 2, 2024, at the Ed Edmonson Courthouse, 101 N. 5th St., Rm. 415, Muskogee, Oklahoma, 74401, beginning at 10:00 a.m.  Should one or both parties prefer to conduct the deposition at the Courthouse, they shall jointly notify Courtroom Deputy Paige Bruce NO LATER THAN 5:00 p.m. Thursday, July 25, 2024, at GLJIntake_OKED@oked.uscourts.gov of this decision so that the room can be reserved.  Having considered all of Plaintiff's arguments, Plaintiff's Motion for Protective Order is therefore denied.

### Conclusion

Accordingly, Plaintiff's Motion for Protective Order [Docket No. 104] is DENIED.

**DATED** this 18th day of July, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Defendant has contracted with InstaScript, LLC to provide court reporting and video services for the deposition.