IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JOSEPH ANGELO DICESARE,

    **Plaintiff,**

          **v.**                  **Civil No.** 21-231 (FAB)

GARY MAKINSON, *et al.*,

    **Defendants.**

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.[1]

Before the Court is the Report and Recommendation ("R&R") issued by U.S. Magistrate Judge Gerald L. Jackson (Docket No. 144) regarding plaintiff Joseph Angelo DiCesare ("plaintiff")'s motion for injunctive relief. (Docket No. 137.) This case is before the undersigned judge by designation pursuant to 28 U.S.C. § 292(d). See Docket No. 146. For the reasons set forth below, the Court **ADOPTS** the R&R and **DENIES** plaintiff's motion for injunctive relief.

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(a). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate

---

[1] Senior United States District Judge for the District of Puerto Rico, sitting by designation.

Civil No. 21-231 (FAB)                                                        2

judge's report.  28 U.S.C. § 636(b)(1).  "A party that files a timely objection is entitled to a de novo determination of those portions of the report or specified proposed findings or recommendations to which a specific objection is made."  Lowery Wilkinson Lowery, LLC v. Illinois, No. 25-CV-22-RAW, 2025 U.S. Dist. LEXIS 268063, at *3 (E.D. Okla. Dec. 31, 2025) (citing United States v. Raddatz, 446 U.S. 667, 673 (1980)).  "The objections must specifically identify those findings or recommendations to which objections are being made" and "[t]he district court need not consider frivolous, conclusive, or general objections."  Id. (citing Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987)).  In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(a)(b)(1).

Plaintiff's Second Amended Complaint brings various claims against law enforcement officers and Oklahoma Human Services personnel alleging improprieties during an arrest, an allegedly illegal execution of a writ of assistance in plaintiff's home, and violation of his rights during a child welfare investigation.  See Docket No. 64.  His motion for injunctive relief, however, appears to seek to enjoin Kannon and Ken Bailey ("the Baileys"), who are not parties to this action, from evicting him from his land.  See

Civil No. 21-231 (FAB)                                                                  3

Docket No. 137 at p. 3.  On March 11, 2026, the magistrate judge issued a thorough and well-supported R&R recommending that plaintiff's motion for injunctive relief be denied.  (Docket No. 144.)  The magistrate judge recommended denial of the motion after finding that (1) there is no relationship between the injunctive relief sought and the conduct alleged in the complaint, and (2) the motion seeks injunctive relief against non-parties to the litigation, and the Court does not have authority to enjoin non-parties without a showing that they are "acting as agents of or in active concert with any identified defendant."  Docket No. 144 at pp. 3-5; see Fed. R. Civ. P. 65(d)(2).

The plaintiff filed objections on March 26, 2026, fifteen days after the R&R was issued.  (Docket No. 145.)  Plaintiff's objections are untimely, as they were filed one day after the fourteen-day deadline.  Additionally, plaintiff's objections are not responsive to the logic of the R&R.  He presents no argument linking his requested injunctive relief with the conduct alleged in the Second Amended Complaint.  Nor does he provide a reason why the Court would be permitted to enjoin the non-parties named in his motion.  Although he does appear to request leave to amend his complaint to include charges against the Baileys, see Docket No. 145 at pp. 5-6, he ignores the fact that the prior presiding judge in this case already ruled that leave to further amend the

Civil No. 21-231 (FAB)                                                          4

complaint will not be granted absent extraordinary circumstances.
See Docket No. 61 at p. 4.

Nonetheless, for completeness, the Court has made an independent examination of the entire record in this case and agrees with the magistrate judge's reasoning as to why plaintiff's motion should be denied.  A movant for injunctive relief "must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Davis v. CoreCivic, Inc., No. CIV-17-293-JFH-SPS, 2020 U.S. Dist. LEXIS 149592, at *9 (E.D. Okla. Aug. 19, 2020) (quoting Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010)).  Plaintiff has failed to do so.  The allegations in the complaint simply have nothing to do with the injunctive relief he requests.  Nor does plaintiff articulate how, if at all, the Baileys are associated with or acting in concert with the named defendants in this case.

Accordingly, for the reasons set forth above, the Court **ADOPTS** the R&R (Docket No. 144) and **DENIES** plaintiff's motion for injunctive relief.  (Docket No. 137.)

**IT IS SO ORDERED**.

San Juan, Puerto Rico, April 14, 2026.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE