**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

JOSEPH ANGELO DICESARE,

**Plaintiff,**

**v.**

GARY MAKINSON, *et al.*,

**Defendants.**

**Civil No.** 21-231 (FAB)

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.[1]

Before the Court are two Reports and Recommendations ("R&Rs") issued by U.S. Magistrate Judge Gerald L. Jackson (Docket No. 182; Docket No. 183) regarding plaintiff Joseph Angelo DiCesare ("plaintiff")'s motion to file a third amended complaint (Docket No. 160), plaintiff's motion to amend his motion to file third amended complaint (Docket No. 177), and plaintiff's "*Cease & Desist* *Motion to Vacate Sale* *T.R.O.*" (Docket No. 176.) This case is before the undersigned judge by designation pursuant to 28 U.S.C. § 292(d). See Docket No. 146. For the reasons set forth below, the Court **ADOPTS** both R&Rs, and **DENIES** plaintiff's motion to file a third amended complaint, **DENIES** plaintiff's motion to

[1] Senior United States District Judge for the District of Puerto Rico, sitting by designation.

amend his motion file a third amended complaint, and **DENIES** plaintiff's "*Cease & Desist* *Motion to Vacate Sale* *T.R.O.*"

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(a). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. 28 U.S.C. § 636(b)(1). "A party that files a timely objection is entitled to a de novo determination of those portions of the report or specified proposed findings or recommendations to which a specific objection is made." Lowery Wilkinson Lowery, LLC v. Illinois, No. 25-CV-22-RAW, 2025 U.S. Dist. LEXIS 268063, at *3 (E.D. Okla. Dec. 31, 2025) (citing United States v. Raddatz, 446 U.S. 667, 673 (1980)). "The objections must specifically identify those findings or recommendations to which objections are being made" and "[t]he district court need not consider frivolous, conclusive, or general objections." Id. (citing Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987)). In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a)(b)(1).

Plaintiff's second amended complaint brings various claims against law enforcement officers and Oklahoma Human Services personnel alleging improprieties during an arrest, an allegedly illegal execution of a writ of assistance in plaintiff's home, and violation of his rights during a child welfare investigation. See Docket No. 64.

On March 3, 2026, plaintiff attempted to enjoin KB Enterprises, Kade, Kannon and Ken Bailey from evicting him from his land. See Docket No. 137 at p. 3. The Court, however, rejected this motion because they were not parties to the case and they were not involved in any of the incidents that gave rise to plaintiff's claims. (Docket No. 153.)

Plaintiff now seeks to file a Third Amended Complaint to add new parties and claims that seem to arise from his interactions and a real estate transaction with Kannon and Ken Bailey ("the Baileys"). (Docket No. 160; Docket No. 177.) On July 16, 2026, the magistrate judge issued a thorough and well-supported R&R recommending that plaintiff's motion to file the third amended complaint be denied. (Docket No. 182.) The magistrate judge recommended denial of the motion after finding that (1) the parties and claims that plaintiff seeks to add are unrelated to the claims and parties in the second amended complaint, (2) plaintiff's amendments have made the complaint a moving target and it is

inappropriate to keep layering new claims and parties, and (3) the Proposed Third Amended Complaint is futile because it does not identify the Court's subject matter jurisdiction and because the Court should abstain pursuant to the Younger doctrine. Id. at pp. 7-12. Should the Court adopt the finding that the third amended complaint not be allowed, the magistrate judge also recommended denying plaintiff's motion to vacate sale and temporary restraining order ("TRO") because the Baileys are not parties to the case.

The plaintiff filed objections on August 13, 2026, twenty-eight days after the R&R was issued. (Docket No. 192.) Plaintiff's objections are untimely; they were filed past the fourteen-day deadline. Nonetheless, for completeness, the Court has made an independent examination of the entire record in this case and agrees with the magistrate judge's reasoning as to why plaintiff's motions should be denied, and finds that plaintiff's objections have no merit.

Generally, "court[s] should freely give leave [to amend] when justice so requires, [] especially [] when the plaintiff is proceeding pro se." (Docket No. 170 at pp. 24-25) (citing Panicker v. State Dep't of Agric., 498 Fed. Appx. 755, 757 (10th Cir. 2012)). A court may refuse to grant leave to amend, however, "upon a showing of futility of amendment." Panicker, 498 Fed. Appx.

at 757 (quoting Frank v. U.S. W., Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)) (internal alterations omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Id. (quoting Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Serv., Inc., 175 F.3d 848, 859 (10th Cir. 1999)).

Plaintiff first objects to the magistrate judge's finding that the amended complaint is unrelated to the original complaint. (Docket No. 192 at pp. 2-3.) He argues that the "common denominators" among the three complaints are the graft and corruption in Oklahoma, the property involved, and the constitutional violations. Plaintiff misunderstands the magistrate judge's finding. While the theme of the complaints may be the same or similar, his claims arise from two different set of facts. In his proposed third amended complaint, plaintiff moves to join the Baileys as defendants claiming they evicted him from his home located at 1470 Gun Club Road, Okmulgee, OK 74447 in 2025. The second amended complaint arises from a series of events starting in 2019, which led to plaintiff's arrest in the 1470 Gun Club Road property. While the property is the same in both complaint, there is no common set of facts. See Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one actions as defendants if (A) any right to relief . . . **aris[es] out of the same transaction**, occurrence, or series of transactions or

occurrences; and (B) any question of law or fact common to all defendants will arise in the action.") (emphasis added). Finally, the constitutional violations are not a common thread because, from the Court's understanding, the Baileys are private citizens, and the Constitution protects against encroachment from the federal or state government.[2]

DiCesare next objects to the magistrate judge's finding that the filing of the proposed third amended complaint is untimely. (Docket No. 192 at p. 5.) He argues that the magistrate judge's finding referring to a moving target "doesn't make any sense at all" because "'targets' are going to 'move,' unless [they're] dead!" Id. DiCesare again misunderstands. It is not the defendants that are moving, but the allegations in the complaint. The magistrate judge was simply explaining that Plaintiff keeps changing the facts and adding new players, which delays and interferes with the resolution of his case. Plaintiffs also takes issue with the magistrate judge referring to his new factual allegations as "new escapades" and that the Court is blaming him for the delay and not blaming the defendants. Id. at p. 6. The Court is not blaming plaintiff; he just cannot bring his claims against the Baileys in this case.

[2] DiCesare mentions different county commissioners but fails to make any factual allegations about their actions. (Docket No. 160.)

DiCesare's final objection is to the magistrate judge finding's that third amended complaint is futile because of the Younger abstention doctrine. Pursuant to the Younger abstention doctrine, a federal court must abstain "where (1) there are ongoing state proceeding; (2) the state court offers an adequate forum to hear the plaintiff's claims from the federal lawsuit; and (3) the state proceedings involve important state interests." Reed v. Stitt, 2024 WL 5131892, at *2 (W.D. Okla. Dec. 16, 2024). The Court, however, will not address this objection because the Court lacks subject matter jurisdiction over plaintiff's new claims – a finding to which plaintiff does not object. The claims raised in his proposed third amended complaint are all state law claims and, as discussed above, are unrelated to his existing claims in the second amended complaint, so the Court cannot exercise supplemental jurisdiction. Furthermore, the Court cannot exercise diversity jurisdiction because Plaintiff and the Baileys are all citizens of Oklahoma. Therefore, the Court denies plaintiff's motion for leave to file the third amended complaint.

Because the Court is not allowing plaintiff to file his third amended complaint, the Court also denies his motion to vacate sale and TRO. As the Court stated in its denial of plaintiff's motion for injunctive relief at Docket No. 153, "the Court does not have authority to enjoin non-parties without a showing that they are

'acting as agents of or in active concert with any identified defendant." (Docket No. 153 at p. 3.)

Accordingly, for the reasons set forth above, the Court **ADOPTS** both R&Rs (Docket No. 182; Docket No. 183), and **DENIES** plaintiff's motion for leave to file a third amended complaint (Docket No. 160), **DENIES** plaintiff's motion to amend motion to file third amended complaint (Docket No. 177), and **DENIES** plaintiff's "*Cease & Desist* *Motion to Vacate Sale* *T.R.O.*" (Docket No. 176.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 29, 2026.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE